UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO: 18-cv-20715-DPG

JESUS A. GARCIA,

    Plaintiff,
v.

MIAMI-DADE COUNTY,
MANUEL C. PERNAS,
MARCUS SAIZ DE LA MORA,
ERIC A. RODRIGUEZ,
MICHAEL P. MURAWSKI,
STEVEN G. ENGELMEYER,
MIGUEL POSTELL, CARLA LLOYD,
AND AFSCME, LOCAL 199,

    Defendants.
    _____/

## ORDER

**THIS CAUSE** comes before the Court upon Plaintiff's Motion to Amend Order and Judgment [ECF No. 75], Motion to Reopen Case and Memorandum in Support of his Motion to Confirm One Arbitration Award [ECF No. 76], Motion for Leave to File Missing Attachments to his Motion to Reopen Case and Memorandum in Support of his Motion for Reconsideration [ECF No. 77], and Motion for Leave to File Plaintiff's Third Amended Complaint [ECF No. 84] (collectively, the "Motions"). The Court has reviewed the Motions, the parties' briefs, and is otherwise fully advised. For the reasons that follow, the Motions are **GRANTED**.

### BACKGROUND

This is Plaintiff's second suit against Defendants Miami-Dade County (the "County"), Marcus Saiz De La Mora, Manuel C. Pernas, Eric A. Rodriguez, Michael P. Murawski, Steven G. Engelmeyer, Miguel Postell, Carla Lloyd, and American Federation of State County and

Municipal Employees, Local 199 ("AFSCME"). Plaintiff alleges that he was unlawfully terminated from his job with the City of Miami after he filed internal complaints against his supervisors claiming improper and unethical behavior. The County investigated Plaintiff's complaints. Plaintiff also pursued arbitration over his termination that resulted in an award in Plaintiff's favor reinstating his employment and granting additional damages. Plaintiff subsequently filed a grievance with his union, Defendant AFSCME, for failing to protect his interests in the arbitration. Plaintiff alleges that his employers reinstated him, but limited his monetary recovery. And Plaintiff asserts that Defendants, who collectively represent his union, employers, and representatives of the City of Miami and the County, have since banded together to discredit, embarrass, and avoid paying him. Plaintiff claims that he should be awarded back pay and other damages for the time he spent unemployed.

Plaintiff filed two pro se lawsuits in federal court as a result of his alleged injuries, one preceding the instant suit.[1]

*First Lawsuit*

Plaintiff's initial lawsuit came before Judge Ungaro. His first Complaint alleged violations of the Civil Rights Acts of 1866 and 1871, various constitutional amendments, due process, and various labor statutes. *See Garcia v. Miami Dade Cnty., et al.*, Case No. 15-20763, [ECF No. 1] (February 24, 2015) ("*Gracia I*"). Judge Ungaro dismissed this Complaint because (1) Plaintiff had not exhausted his administrative remedies under a collective bargaining agreement with Defendants, (2) documents he attached to his Complaint flatly contradicted the facts he alleged, (3) Plaintiff's Complaint did not link the factual allegations to many of the legal

---

[1] On several occasions, Plaintiff has requested that the Court appoint an attorney. The Court does not appoint attorneys in civil cases.

2

theories, and (4) Plaintiff failed to state a claim under the Due Process Clause. *Id.* [ECF No. 43, at 5–7].

Judge Ungaro allowed Plaintiff to file an Amended Complaint, which was then dismissed for failing to correct the defects specified in her first Order. *Id.* [ECF No. 55, at 1–2].

*Current Lawsuit*

Undeterred, Plaintiff filed the instant suit. *See Garcia v. Miami Dade Cnty., et al.*, Case No. 18-20175, [ECF No. 1] (February 23, 2018) ("*Garcia II*"). He reasserted the claims in *Garcia I* and added a claim under the Labor Management Relations Act, 29 U.S.C. § 185, against Defendant AFSCME for breach of their collective bargaining agreement. *Id.*

The Court dismissed Plaintiff's Complaint because it was shotgun and duplicative of *Garcia I*. *Id.* [ECF No. 67, at 1–2]. Plaintiff moved for leave to amend. *Id.* [ECF Nos. 68 & 69]. The Court denied Plaintiff's motions because Plaintiff's proposed amended complaint was futile, deficient, and subject to res judicata principles as it alleged claims that either had been, or could have been, asserted in *Garcia I*. *Id.* [ECF No. 74].

Despite four attempts, Plaintiff has yet to file a complaint that can advance beyond the pleadings.

## DISCUSSION

The Court shall allow Plaintiff one final opportunity to plead his claim as the Court recognizes the challenges presented in pro se pleading. However, appearing pro se does not excuse a plaintiff from following the Federal Rules of Civil Procedure, pleading requirements, or the Southern District of Florida Local Rules. Plaintiff's Second Amended Complaint therefore *must* comply with these requirements. *See Alban v. Advan, Inc.*, 490 F.3d 826, 829 (11th Cir. 2007) ("[A]lthough we are to give liberal construction to the pleadings of pro se litigants, we

3

nevertheless have required them to conform to procedural rules.") (citation and internal quotation marks omitted). The Court notes three particular requirements that reflect standards to which all litigants in federal court—pro se or not—are held.

First, Plaintiff's Second Amended Complaint must satisfy the requirements of the Federal Rules of Civil Procedure. *See, e.g.*, *Garcia II*, [ECF No. 74, at 2]. Specifically, Plaintiff's Complaint must comply with Rule 8(a)(2), which requires "a short and plain statement of the claim showing that the pleader is entitled to relief" that gives the Court and Defendants notice of Plaintiff's claims, and Rule 10(b), which requires numbered paragraphs that are "each limited as far as practiciable to a single set of circumstances" and that tie the factual events alleged to the legal principles and remedies sought.

Second, Plaintiff's Second Amended Complaint must not be a shotgun pleading. *See, e.g.*, *Garcia II*, [ECF Nos. 67, at 2 & 74, at 2]. This means that it must be pled "clearly and precisely." *Anderson v. Dist. Bd. of Trs. of Cent. Fla. Cmty. Coll.*, 77 F.3d 364, 367 (11th Cir. 1996). It must not "contain[] multiple counts where each count adopts the allegations of all preceding counts, causing each successive count to carry all that came before and the last count to be a combination of the entire complaint." *Weiland v. Palm Beach Cnty. Sheriffs Office*, 792 F.3d 1313, 1321 (11th Cir. 2015); *see also Garcia II* [ECF No. 67, at 1–2]. The Second Amended Complaint must allege facts with specificity, with each fact being material and "obviously connected" to the cause of action asserted. *Weiland*, 792 F.3d at 1322. Plaintiff must separate each cause of action or claim for relief into different counts. *Id.* at 1323. And Plaintiff must clearly distinguish which claims are asserted against which Defendant, including by "specifying which of the [D]efendants are responsible for which acts or omissions, [and] which of the [D]efendants the claim is brought against." *Id.*

Finally, Plaintiff must demonstrate that his Second Amended Complaint is not precluded by *Garcia I*. The doctrine of res judicata (or claim preclusion) "prohibits successive litigation of the very same claim by the same parties." *Whole Woman's Health v. Hellerstedt*, 136 S. Ct. 2292, 2305 (2016) (citation and internal quotation marks omitted). This prohibition bars "the parties or their privies from relitigating issues that were or could have been raised" in a prior action that resulted in a final judgment on the merits. *Allen v. McCurry*, 449 U.S. 90, 94 (1980); *see also Maldonado v. U.S. Attorney Gen.*, 664 F.3d 1369, 1375 (11th Cir. 2011). Plaintiff must therefore demonstrate that the issues raised in his Second Amended Complaint do not "arise[] out of the same nucleus of common operative facts as his claim in" *Garcia I* and/or were not in existence at the time *Garcia I* was filed such that they could have been raised then. *Daniel v. Diaz*, No. 17-CV-20965, 2017 WL 3723787, at *3 (S.D. Fla. Aug. 29, 2017).

The Court cautions Plaintiff that this is his final opportunity to present a cognizable claim. The filing of another deficient pleading shall result in a dismissal with prejudice.

## CONCLUSION

Based on the foregoing, it is **ORDERED AND ADJUDGED** that Plaintiff's Motions are **GRANTED**. Plaintiff shall file his Second Amended Complaint within thirty (30) days of the date of this Order.

**DONE AND ORDERED** in Miami, Florida, on this 22nd day of January, 2020.

DARRIN P. GAYLES
UNITED STATES DISTRICT JUDGE