UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 1:18-cv-20715-GAYLES/OTAZO-REYES

**JESUS A. GARCIA**,

    Plaintiff,

v.

**AMERICAN FEDERATION OF STATE,
COUNTY AND MUNICIPAL EMPLOYEES,
Local 199 (AFSCME) Miami-Dade County,
MIAMI-DADE COUNTY, ERIC A.
RODRIGUEZ, MICHAEL P. MURAWSKI,
STEVEN G. ENGELMEYER,
MIGUEL POSTELL, and CARLA LLOYD,
in their official capacities**,

    Defendants.

                                           /

## OMNIBUS ORDER

**THIS CAUSE** comes before the Court on Defendants Miami-Dade County, Eric A. Rodriguez, Michael P. Murawski, Steven G. Engelmeyer, Miguel Postell, and Carla Lloyd's Motion to Dismiss Second Amended Complaint, [ECF No. 88], and Defendant American Federation of State, County and Municipal Employees, Local 199's Motion to Dismiss with Prejudice Plaintiff's Second Amended Complaint, [ECF No. 89]. The Court has reviewed the Motions and the record and is otherwise fully advised. For the reasons that follow, the Motions are granted.

The Court reincorporates the factual background and procedural history detailed in its January 22, 2020 Order. *See* [ECF No. 86 at 1–3]. In its January 22, 2020 Order, the Court provided Plaintiff one final opportunity to bring forth a properly pled Second Amended Complaint that:

(1) complied with Federal Rule of Civil Procedure 8(a)(2); (2) complied with Federal Rule of Civil Procedure 10(b); (3) was not an impermissible shotgun pleading; and (4) demonstrated his claims were not precluded by his prior litigation before Judge Ursula Ungaro in *Garcia v. Miami Dade County*, Case No. 15-CIV-20763 ("*Garcia I*"). *Id.* at 3–5. The Court specifically cautioned Plaintiff that "this is his final opportunity to present a cognizable claim" and that "filing of another deficient pleading shall result in a dismissal with prejudice." *Id.* at 5.

Plaintiff's Second Amended Complaint fails to cure those defects articulated by the Court, *id.*, and fails to demonstrate that Plaintiff's claims are not precluded by *res judicata*. First, the Second Amended Complaint spans 38 pages and over 258 paragraphs but fails to provide "a short and plain statement of the claim showing that the pleader is entitled to relief" such that all Defendants are noticed of Plaintiff's claims. Fed. R. Civ. P. 8(a)(2). Second, while the Second Amended Complaint includes numbered paragraphs, Plaintiff fails to limit each paragraph "as far as practicable to a single set of circumstances" and tie those factual allegations to the causes of action and remedies sought. Fed. R. Civ. P. 10(b). Third, Plaintiff's Second Amended Complaint is an impermissible shotgun pleading because, while Plaintiff reincorporates the factual allegations in paragraphs 1–167 into each count, he fails to identify which facts are relevant to which count. *See Weiland v. Palm Beach Cty. Sheriff's Office*, 792 F.3d 1313, 1321–22 (11th Cir. 2015) ("The next most common type [of shotgun pleading] . . . is guilty of the venial sin of being replete with conclusory, vague, and immaterial facts not obviously connected to any particular cause of action."). It is not for the Court to sift through 167 paragraphs of factual allegations to discern which allegations are relevant to Plaintiff's multiple claims. *Okposio v. Barry Univ., Inc.*, No. 20-CIV-23814, 2020 WL 7641057, at *2 (S.D. Fla. Dec. 23, 2020) ("The Court cannot sift through 114 pages of the Complaint to determine which allegations are relevant to each count.").

Finally, Plaintiff provides no explanation or proof as to why the Second Amended Complaint is not barred by *res judicata*. In comparing the Second Amended Complaint with the claims in *Garcia I*, the factual allegations and causes of action are practically the same. The only new factual allegations and claim brought forth in the Second Amended Complaint relate to Plaintiff's allegations of workplace harassment following his re-employment. The Second Amended Complaint suggests that the alleged harassment began in October 2014, well before Plaintiff brought his previous action in *Garcia I*. Thus, Plaintiff could have raised his workplace harassment claims before Judge Ungaro. Therefore, Plaintiff fails to cure the defects required of him in the Court's January 22, 2020 Order, [ECF No. 86], and the Second Amended Complaint must be dismissed with prejudice.

## CONCLUSION

Accordingly, it is **ORDERED AND ADJUDGED** as follows:

1. Defendants Miami-Dade County, Eric A. Rodriguez, Michael P. Murawski, Steven G. Engelmeyer, Miguel Postell, and Carla Lloyd's Motion to Dismiss Second Amended Complaint, [ECF No. 88], is **GRANTED**;

2. Defendant American Federation of State, County and Municipal Employees, Local 199's Motion to Dismiss with Prejudice Plaintiff's Second Amended Complaint, [ECF No. 89], is **GRANTED**;

3. Plaintiff's Second Amended Complaint, [ECF No. 87], is **DISMISSED with prejudice**;

4. All other pending motions are **DENIED as moot**; and

5. This case is **CLOSED**.

**DONE AND ORDERED** in Chambers in Miami, Florida, this 28th day of December, 2020.

_____
DARRIN P. GAYLES
UNITED STATES DISTRICT JUDGE